IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOSEPH DAVIS, | : | |
| | : | |
| Plaintiff, | : | Case No. _____ |
| | : | |
| v. | : | |
| | : | |
| GENERAL MILLS OPERATIONS, LLC, | : | |
| | : | |
| Defendant. | : | |

## **COMPLAINT**

Plaintiff is seeking leave to amend the complaint to add a Title VII claim in separate class action litigation in which he is a named plaintiff and which is pending in this Court, Case No. 1:24-cv-02409-MLB-JKK.  (*See* Docs. 20 & 20-1.)  To preserve all rights related to his Title VII race discrimination claims, Plaintiff files this Complaint.

## **JURISDICTION AND VENUE**

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(4), which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protections of civil rights, and pursuant to 28 U.S.C. § 1331, which confers original

jurisdiction upon this Court in a civil action arising under the Constitution or laws of the United States.

2.

Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII").

3.

Pursuant to 28 U.S.C. § 1391(b), § 1391(c), and N.D. Ga. L.R. 3.1, the Atlanta Division of this Court is the proper venue for Plaintiff's claims because Defendant is subject to this Court's personal jurisdiction, 28 U.S.C. § 1391(c)(2), and a substantial part of the events or omissions giving rise to the claim occurred within the Atlanta Division of this Court.  *See also* N.D. Ga. L.R. 3.1(B)(1)(a) and 3.1(B)(3).

## PARTIES

4.

Plaintiff is a Black male and a current employee of Defendant.  He works at General Mills' manufacturing facility in Covington, Georgia.

5.

Plaintiff is a citizen of the United States and resident of the State of Georgia; he submits himself to the jurisdiction of this Court.

6.

General Mills Operations, LLC ("Defendant" or "General Mills"), is a Delaware limited liability company with its principal place of business in Minneapolis, Minnesota, and was properly served by personal service of process upon its registered agent, National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Georgia 30046.

## ADMINISTRATIVE PROCEEDINGS

7.

Defendant is a covered employer under Title VII.

8.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

9.

The EEOC issued Plaintiff a Notice of the Right to Sue against Defendant, and this lawsuit was timely filed thereafter.

10.

Plaintiff made a good faith effort to comply with EEOC regulations and applicable law and to provide all relevant, specific information available.

11.

All conditions precedent to jurisdiction under the Title VII have been satisfied.

12.

All administrative prerequisites to filing suit on Plaintiff's claims have been satisfied.

13.

This suit is timely, appropriate, and valid in all respects.

## STATEMENT OF FACTS

14.

In 2004, Plaintiff began working for General Mills.

15.

Plaintiff was promoted to TTL around 2020.

16.

Shortly before starting to work as a TTL in 2020 when the number of TTLs at the Covington facility was doubled, Plaintiff applied for another TTL position. That position was awarded to Chris Davenport, a less-qualified white male that Plaintiff trained. Davenport was a known alcoholic with performance issues. Instead of addressing those issues or holding Davenport accountable, he was

promoted over Plaintiff and his alcoholism was ignored and actively covered up by management.  Davenport was protected to the detriment of Plaintiff (and other Black employees) due to his relationship with Ken Preffer, a Good Ole Boys member.

17.

Plaintiff was demoted from his TTL position effective January 1, 2022.

18.

One of Plaintiff's comparators for the demotion was Sandy Beam, a less-qualified white male, who was not demoted.  Beam had recently falsified documentation stating that a system was properly cleaned when it was not. Beam's documentation falsification caused loss of production.

19.

Cox, another white comparator, was not demoted.

20.

Plaintiff was selected for demotion instead of Cox, Jim Alexander, and other less-qualified white males because, among other intentionally racist reasons, he had made numerous complaints to Phil Thompson (and other white decisionmakers who participated in the decision to demote him) about instances where he was disparately treated by his white supervisors based on race prior to

the demotion.  In the same year as when the demotion decision was made, Thompson was genuinely irritated at Plaintiff for complaining, accused Plaintiff of being "unprofessional" because of his complaints of disparate treatment based on race, and accused him of otherwise being difficult and a complainer.  As recently as 2022, Phil Thompson was investigated by General Mills' corporate HR for making racist comments to Black females and uniformly treating Black technicians on the production floor with less respect and attention than the white technicians.

21.

After Plaintiff filed a charge of discrimination with the EEOC alleging a hostile work environment, Good Ole Boys members Cox (white male) and Jake Hayslip (white male) coordinated to take an adverse employment action against him because he did not sign a form that had nothing to do with safety, compliance, or quality.  He appealed that adverse action in writing complaining of disparate treatment of employees to the discipline committee, which upheld a Level I violation.  This violation is referred to herein as "Post-EEOC Adverse Action."  The discipline committee, which is spearheaded by Mandy Calloway, a white female in HR who regularly does the Good Ole Boys' bidding, was aware of Plaintiff's complaints of race discrimination but ratified and enforced the discipline anyway.

22.

Plaintiff has witnessed white employees be treated more favorably than Black employees in the same situation.  By way of example –

(a)     One white employee, Chris Davenport, who was suspected by Black employees to be an alcoholic, was hired and promoted by Good Ole Boys members.  Davenport had gotten so drunk at work that management had to arrange for an Uber ride to take him home.

(b)     Another white employee falsely stated on required paperwork that an inspection was done correctly when, in fact, it had not been completed and different types of cereal that were not intended to be mixed were found days into running the system.  The white employee was not reprimanded, but other plaintiffs in this lawsuit in the same or less egregious circumstances were reprimanded or terminated for "falsification of data."

(c)     A Black employee was written up for being late for an overtime shift that he volunteered to cover.

23.

Plaintiff was written up after he submitted his EEOC charge because of his race.  Other similarly situated white employees committed the same paperwork

violation, or a substantially worse paperwork violation, and had no action taken against them.

24.

Previously, the Good Ole Boys would be satisfied for an employee to show up for an overtime shift as referenced in subsection (c) of the above paragraph 23. For many years, the Good Ole Boys would allow Black employees to work at the Covington facility as long as they kept their heads down and did not complain.

25.

Under the Good Ole Boys more recently, Black employees are subjected to adverse employment actions for minor infractions that were previously not an issue for Black employees (and still are not an issue for white employees).

26.

Plaintiff has complained to corporate HR about the Post-EEOC Adverse Action.

27.

Plaintiff, like other plaintiffs herein, made numerous complaints about race discrimination or voiced concerns in "climate surveys" that have gone unanswered. For instance, he previously mentioned in a climate survey that the

maintenance department does not have a proportionate number of Black employees considering the overall demographic of the Covington facility.

## COUNT ONE

### Title VII:  Disparate Treatment/Discrimination

28.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

29.

Plaintiff is a member of a class protected by Title VII.

30.

Defendant is a covered employer under Title VII.

31.

Plaintiff was qualified for the job that he was performing at the time he suffered adverse employment actions.

32.

Plaintiff suffered adverse employments action despite being qualified for his position.

33.

Plaintiff was treated less favorably than similarly situated employees outside of his protected class.

34.

Plaintiff's race was a motivating factor for the adverse employment actions taken against him.

35.

Plaintiff asserts a disparate treatment claim pursuant to Title VII.

36.

Plaintiff is entitled to Title VII damages pursuant to, among other statutes, 42 U.S.C. § 2000e-5.

## **COUNT TWO**

### Title VII:  Retaliation

37.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

38.

Plaintiff is a member of a class protected by Title VII.

39.

Defendant is a covered employer under Title VII.

40.

Plaintiff engaged in a protected activity when he complained about race discrimination to managerial and HR employees and when he filed a charge of discrimination with the EEOC.

41.

In retaliation for Plaintiff's complaints and EEOC charge, Defendant took materially adverse actions against him, including disciplining him and creating a hostile work environment that would have dissuaded a reasonable worker from making complaints of discrimination and harassment, failing to promote him, and taking disparate adverse actions against him.

42.

Plaintiff's protected activity under Title VII was a motivating factor for the adverse employment action taken against them.

43.

Plaintiff asserts a retaliation claim pursuant to Title VII.

44.

Plaintiff is entitled to Title VII damages pursuant to, among other statutes, 42 U.S.C. § 2000e-5.

## COUNT THREE

Title VII:  Hostile Work Environment

45.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

46.

Plaintiff was discriminated against and harassed based on his race by General Mills' supervisors and coworkers, including Shane Cox and Mandy Calloway.

47.

The discriminatory statements, threats, and conduct were unwelcome, sufficiently severe or pervasive, detrimentally affected Plaintiff, were viewed as subjectively hostile and abusive by Plaintiff, and would be viewed as objectively hostile and abusive to a reasonable person.

48.

Plaintiff complained about this discrimination and harassment, and General Mills had actual or constructive knowledge of the ongoing discrimination and/or the harassing conduct was undertaken by and/or condoned by General Mills employees in management roles.

49.

Defendant failed to take prompt and appropriate remedial action to prevent or correct further discrimination and harassment of Plaintiff.

50.

Plaintiff asserts a hostile work environment claim pursuant to Title VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

(a)    Declaratory judgment that the systemic pattern and practice of racially hostile and discriminatory employment practices that, over 30 years, made advancement at the Covington facility futile and caused catastrophic harm to Plaintiff's career in violation of his Title VII rights;

(b)    Temporary and permanent injunctive relief, along with this Court's oversight for a reasonable duration, disbanding the Good Ole Boys,

holding racist decisionmakers accountable, and implementing lawful employment practices that give Black employees the full benefit of employment at General Mills;

(c)    Full amount of financial losses caused to Plaintiff as a result of the racist employment practices at the Covington facility;

(d)    Compensatory damages in an amount to be determined by the enlightened conscience of the jury for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

(e)    Award of costs and expenses of this action, together with reasonable attorney and expert fees;

(f)    Punitive damages in an amount to be determined by the enlightened conscience of the jury sufficient to punish Defendant for its conduct toward Plaintiff and deter Defendant from similar conduct in the future;

(g)    Judgment against Defendant for damages incurred by Plaintiff;

(h)    Judgment against Defendant in an amount to fully and adequately compensate Plaintiff;

(i)    An award of pre-judgment and post-judgment interest;

(j)     A trial by jury on all issues triable to a jury; and

(k)     Other and further relief as the Court deems just and proper.

Respectfully submitted this 20th day of November 2024.


By:     /s/ Douglas H. Dean
        Georgia Bar No. 130988
        Attorney for Plaintiff
        Dean Thaxton, LLC
        601 E. 14th Avenue (31015)
        Post Office Box 5005
        Cordele, Georgia 31010
        T:  (229) 271-9323
        F:  (229) 271-9324
        E:  *doug@deanthaxton.law*


By:     /s/ Linda G. Carpenter
        Georgia Bar No. 111285
        Sharon L. Neal, Esq.
        Georgia Bar No. 536060
        Attorneys for Plaintiff
        The Brosnahan Law Firm
        31 Lenox Pointe, NE
        Atlanta, GA 30324
        T:  (404) 853-8964
        F:  (678) 904-6391
        E:  *lgc@brosnahan-law.com*
        E:  *sharon@brosnahan-law.com*